UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENDA LAMAR, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:05-cv-0165-RLY-WTL |
| | ) | |
| GENERAL ELECTRIC CO., | ) | |
|     Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Plaintiff, Brenda Lamar, is an employee of Defendant, General Electric, Co. ("GE"), at its facility in Salem, Virginia. She began her career with GE in Bloomington, Indiana, in 1993 and worked at the Bloomington facility until she was laid off in June of 2001. In October of 2003, subsequent to Lamar accepting a preferential placement at GE's facility in Salem and during a period she was on layoff from that facility, the GE Bloomington facility recalled thirteen employees. Lamar contends that she should have been one of those thirteen recalled employees or transferred back to the Bloomington facility more than a year earlier and that her age is the reason why GE did not bring her back to Bloomington. She has brought suit against GE on that basis. GE has filed a Motion for Summary Judgment arguing that it is entitled to judgment at this point because Lamar's claims are time barred and insufficiently supported by the evidence. For the reasons discussed in this entry, the court agrees with GE and will grant its motion.

**Summary Judgment & Evidentiary Standards**

Summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether a genuine issue of material fact exists, the court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See id.* at 255.

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. A party moving for summary judgment on a claim on which the nonmovant party bears the burden of proof at trial may discharge its burden by showing, "that is, pointing out" an absence of evidence to support the nonmovant's case. *Id.* at 325.

A plaintiff asserting discrimination under the Age Discrimination in Employment Act (ADEA) may demonstrate intentional discrimination through either the direct method or indirect method. *Grimm v. Alro Steel* Corp., 410 F.3d 383, 385 (7th Cir. 2005). The

direct method of proof permits a plaintiff to show, by way of direct or circumstantial evidence, that her employer's decision to take action which was adverse to her was motivated by her age. *Id*. Direct evidence "essentially requires an admission by the decision-maker that his actions were based upon the prohibited animus." *Rhodes v. Ill. Dept. of Transportation*, 359 F.3d 498, 504 (7th Cir. 2004)(internal quotations and citations omitted). If a plaintiff relies on circumstantial evidence under the direct method, the evidence "must point directly to a discriminatory reason for the employer's action." *Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 939 (7th Cir. 2003).

A plaintiff who cannot prevail under the direct method must proceed under the indirect method, familiarly known as the McDonnell Douglas burden-shifting test. *Jordan v. City of Gary, Ind.*, 396 F.3d 825, 833 (7th Cir. 2005). "If the plaintiff establishes a prima facie case, the employer must articulate a legitimate, non-discriminatory reason for its employment action, and in response the plaintiff must prove that the employer's proffered non-discriminatory reason is a pretext for discrimination." *Rhodes*, 359 F.3d at 504 (citing *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002)).

**Factual Background**

Lamar worked in various assembly positions at the GE Bloomington facility and was at all times a member of the International Brotherhood of Electrical Workers, Local

2249 (IBEW) collective bargaining unit. Effective June 1, 2001, Lamar was laid off from the Bloomington facility. Prior to that layoff she attended a GE seminar that explained the layoff and recall procedures. One of the key items discussed at the meeting was the necessity of keeping the GE Bloomington Employee Relations Department informed of any address changes so that an employee who is on layoff can be contacted with regard to any recall opportunities. At that meeting Lamar was given a packet of information that contained a notice which stated:

> **PROTECT YOUR RECALL**
>
> Address changes must be sent by certified mail or registered letter to:
>
> > General Electric
> > Attention: Julia Karr
> > 301 N. Curry Pike
> > Bloomington, IN 47404
>
> **Address changes must be made in writing - none will be accepted by phone. An "Employee Name and Address Change Request Form" is included in this packet for your convenience.**

In August of 2001, Lamar was offered an opportunity to be recalled to Bloomington or to receive a "preferential placement", pursuant to the collective bargaining agreement (CBA) at GE's Salem, Virginia facility. Plaintiff chose the opportunity at the Salem facility. In March of 2002, Lamar inquired of Walter Casavecchia, the Bloomington Employee Relations Manager, about transferring back to Bloomington and was told that pursuant to the CBA, if she resigned from the position she took as a preferential placement to accept a position with GE Bloomington, she would

start back at Bloomington as a new employee without any seniority. Lamar was laid off from the Salem facility on July 19, 2002. At that point she became eligible for recall at the Bloomington facility.

The Bloomington facility recalled thirteen employees in October of 2003. GE followed the recall procedures set forth in the CBA. Betty Myers, the Bloomington Benefits and Payroll Coordinator, went down the list of eligible recall employees, by seniority date, and attempted to contact them by both telephone and by letter sent to their last known address. Myers unsuccessfully attempted to reach Lamar at the local phone number the facility records listed for her, which had been disconnected. Unable to gain a response from Lamar, Myers contacted Julia Karr, who was in charge of maintaining the facility's employee address and phone number records and asked if Lamar had ever provided any updated contact information. After searching the records, Karr provided Myers with an additional phone number which Lamar had left with her via a telephone message in September of 2002. Myers tried calling this Virginia telephone number, but received a recorded message indicating that the number was no longer in service. Two attempts to have certified letters delivered to Lamar at the last address the facility had for her were returned as undeliverable.

Lamar testified in deposition that she contacted Myers by telephone at the beginning of October of 2003, prior to the recall, and provided her with an updated telephone number and address. She also claims to have left a telephone message with Karr at some point wherein she provided a new telephone number. Further, Lamar asserts that the union had her latest contact information because she received mailings from the union at all times. However, it is undisputed that Lamar did not provide a written change of address or phone number as she was instructed to do at the time she was laid off from the Bloomington facility.

Unhappy that she has been unable to gain a transfer or recall to Bloomington, Lamar filed this lawsuit. She claims that other younger employees were able to transfer back to Bloomington and maintain seniority or were recalled in October of 2003 despite not having recall rights and that at least one did not have contact information on file which was up to date.

## Discussion

Lamar admits that she has no direct evidence of age discrimination; however, she believes she has established a prima facie case and that there is sufficient evidence to call into question the nondiscriminatory reason offered by GE for its actions. In order to establish a prima facie case Lamar must show that: (1) she is a member of the protected class (over 40 years of age); (2) she was meeting her employer's legitimate expectations;

(3) she was not recalled or transferred during a time such recalls or transfers were available; and (4) her employer treated younger, similarly situated employees more favorably.  *See Grimm v. Alro Steel Corp.*, 410 F.3d 383, 385 (7th Cir. 2005).  GE claims it did not "transfer" Lamar because no transfer or other move could be completed under the CBA that would allow Lamar to keep her seniority (something Lamar required to return to Bloomington) if she was actively working in the position she received vis-a-vis her preferential placement.  GE has also come forth with evidence indicating that the younger individuals that Lamar believed received transfers back to Bloomington with seniority in tact were not similar to her in that neither left a preferential placement position at the time they were recalled (not transferred) to the Bloomington workforce.  The reason given by GE for Lamar not being recalled in October of 2003 was that she did not respond to the attempts the Bloomington facility made to notify her of the recall and her qualification for the same.

   Prior to reaching the issue of whether or not Lamar has demonstrated a prima facie case, the court is faced with GE's contention that her claims are time barred.  GE argues that the alleged failure to allow Lamar to transfer back to Bloomington when she inquired in March of 2002 was never raised in an EEOC charge within 180 days of the alleged discriminatory act.  GE goes on to argue that Lamar's April 19, 2004 EEOC charge is more than 180 days post October 8, 2003, the date that GE attempted to recall Lamar through notification using the contact information which had not been updated.  In

response to this argument, Lamar simply states that although some of the actions she complains of may have occurred outside the applicable time period for filing with the administrative agency, those actions can still be considered as "background evidence."

Lamar's response may be true, but it adds nothing to bolster her position. She does not even suggest which, if any, of the actions she complains of was the timely subject of an EEOC charge filed within 180 days.[1]  Giving her the benefit of the doubt, the court assumes that the October 8, 2003 benchmark date utilized by GE is not the appropriate starting point for measuring the 180-day limitation period for filing a discrimination charge. It is apparent from the record that there was at least one person, Tracy Adams, who was recalled in October of 2003 and was not successfully contacted regarding the recall through the use of the phone number and address the facility had on record for her. Adams learned of the recall through the "grapevine" of other employees and contacted the Bloomington facility to notify it of her interest in the recall a few days after her certified letter was returned to GE as undeliverable. Consequently, the date of the attempt to recall Lamar is not the appropriate focus for calculating a deadline.

The record before the court does not identify the specific date in October 2003 when the thirteenth recall position was filled, but viewing the facts in a light most favorable to Lamar, the court will assume it was the final day of that month. Up to the

---

[1] In Indiana, an ADEA plaintiff must file a charge of discrimination with the EEOC within 180 days of the challenged employment action. *See* 29 U.S.C. § 626(d)(1); *Daugherity v. Traylor Bros.*, 970 F.2d 348, 350 n.2 (7th Cir. 1992).

point that the thirteenth position was filled it seems that Lamar could have successfully obtained a position if she had alerted the company to her whereabouts.  Therefore, the court will use the last day of October 2003 as the benchmark for measurement of the 180-day period, which makes Lamar's April 19, 2004 EEOC charge timely with respect to the October 2003 recall.  However, her claim that GE failed to transfer her at the time she inquired about returning in 2002 is clearly outside the applicable time period and is barred by her failure to raise that issue in a timely discrimination charge to the EEOC.

GE next argues that Lamar's claim fails because she cannot identify a similarly situated younger person who was treated more favorably with regard to the October 2003 recall.  Indeed, she has failed in that regard.  She maintains that Tracey Adams, a younger employee, had no recall rights and was recalled in October 2003 ahead of her.  Lamar's contention that Adams had no recall rights is pure speculation and refuted by competent evidence provided by GE.  There is no argument that Adams is younger than Lamar and, although Lamar makes no mention of it in her brief, there is also no argument that her contact information was also not up to date.  However, Adams was somehow able to stay abreast of GE employee gossip and when she learned of the recall effort in Bloomington she immediately contacted the facility and informed GE of her whereabouts and that she wanted to exercise whatever recall rights she possessed.  That is a significant distinction and one the court believes leaves Adams as not similarly situated to Lamar.

Even if the court were to turn a blind eye toward the similarity test for comparable younger employees who may have been more favorably treated, Lamar's case fails nonetheless. Quite simply, there is no evidence of pretext. There is nothing at all that suggests that GE did anything based upon an employee's age. To the contrary, the evidence is that GE followed the recall protocol mandated by the CBA and the rules it set forth at the time of the 2001 layoff very strictly. Thirteen employees were recalled, of which eleven were over 40 and therefore in the protected category. Three of the eleven were older than Lamar. GE tried two different phone numbers and the last address that had been provided to it in writing, but was unable to locate Lamar to offer her the recall position. Not a shred of evidence suggests that anything in that process was affected by Lamar's age. In short, Lamar need look no further than her own failure to update her contact information in writing, as she was informed she must do, to find the reason that she was not recalled in October of 2003.

## Conclusion

For the reasons discussed in this entry, GE's Motion for Summary Judgment (Document # 31) is **GRANTED**. A final judgment in favor of GE will issue, separately.

IT IS SO ORDERED this 28th day of July 2006.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Grace H. Han
GE CONSUMER AND INDUSTRIAL
grace.han@ge.com

John H. Haskin
HASKIN LAUTER LARUE & GIBBONS
jhaskin@hlllaw.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
bonnie.martin@odnss.com

Mark Thomas Robbins
HASKIN LAUTER LARUE & GIBBONS
mrobbins@hlllaw.com

Kenneth B. Siepman
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
kenneth.siepman@odnss.com